UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL THROGMORTON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO 4:20CV303 HEA |
| OLD DOMINION FREIGHT LINE, INC., | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 9]. Plaintiff filed this lawsuit in the Circuit Court of St. Charles County, Missouri. His petition alleges that his employment from Defendant based on his age in violation of the Missouri Human Rights Act, ("MHRA") Mo.Rev.Stat. § 213.010, *et seq*. After receiving Plaintiff's answers to its interrogatories, Defendant removed the case to this Court based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. §1332. Plaintiff now seeks remand. For the reasons set forth below, the Motion will be granted.

### **Facts and Background**

Plaintiff worked for Defendant as a pick-up and delivery driver for eleven years. At the time of his discharge, he was 53 years old. Plaintiff was advised that he was discharged for failing to report an accident, to wit, causing a rut in a client's

mulch.  Plaintiff claims he was unaware of causing a rut.  Plaintiff alleges the reason given for his termination is pretextual and that he was actually terminated based on his age.

Plaintiff sent an initial demand letter to his supervisor at Defendant's St. Charles, Missouri location in December 2018. Plaintiff received a written response from Defendant's Assistant General Counsel Peter Murphy. Mr. Murphy indicated in his initial letter that Defendant was not interested in early resolution. Plaintiff filed his charge of discrimination with the Missouri Commission on Human Rights ("MCHR").

Plaintiff received a Notice of Right to Sue letter from the MCHR that was dated September 5, 2019. Mr. Murphy was also copied on the letter from MCHR. On November 13, 2019, Plaintiff's counsel sent a second demand letter directly to Mr. Murphy via email.  In that letter, Plaintiff's counsel stated Plaintiff's intent to file a lawsuit against Defendant for age discrimination in violation of the MHRA in the Circuit Court of St. Charles County if the parties could not negotiate a settlement. Plaintiff's counsel attached a draft copy of Plaintiff's Petition for Damages to the demand letter. In that draft Petition, Plaintiff claimed he suffered and was seeking lost wages and benefits of employment, and emotional distress. Plaintiff also provided Defendant with an estimate of his lost wages to date in the second demand letter.

>With respect to damages, [Plaintiff] has found other full-time work as a driver but is making less money. As of today's date, [Plaintiff] estimates his lost wages at $50,000.00. Those lost wages will continue to accrue despite [Plaintiff's] diligent efforts to find a job that paid as much as his job with Old Dominion.

Plaintiff concluded the letter with a demand for "settlement in the sum of $200,000.00" in exchange for a release of claims.

Mr. Murphy received Plaintiff's email on November 13, 2019, but never responded to Plaintiff's demand.

Plaintiff filed his Petition for Damages for age discrimination in violation of the MHRA in the Circuit Court of St. Charles County on December 2, 2019. That Petition was served on Defendant on December 11, 2019.

Defendant did not remove Plaintiff's case within thirty days from December 11, 2019.  Defendant subsequently served Plaintiff with written discovery, which included Defendant's First Set of Interrogatories to Plaintiff, on January 16, 2019. Defendant's Interrogatory No. 22 asked Plaintiff to describe each item of damage, including amounts, that he sought to recover at trial. Plaintiff generally identified the categories of damages that he was seeking: lost wages, emotional distress, and attorney's fees and costs. Plaintiff calculated that his estimated lost wages to date were $50,003.93. Plaintiff provided Defendant with his responses on February 19, 2020.

On February 24, 2019, Defendant removed Plaintiff's case to this Court alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) based on the citizenship of the parties and the amount in controversy.

Plaintiff's motion to remand asserts that Defendant was on notice of the amount in controversy based on the demand letters.

## Legal Standard

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. *See* 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. *Peters v. Union Pacific R. Co.,* 80 F.3d 257, 260 (8th Cir.1996).

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir.2009). *See also In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993). All doubts about federal jurisdiction must be resolved in favor of remand. *Id.* at 183.

To invoke diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). When the amount in controversy can be determined with complete accuracy, as in cases involving liquidated damages or statutory limits on damages, a federal court

should only dismiss the complaint if it appears to a legal certainty that the claim is really for less than the jurisdictional limit. *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002).

Cases removed from state court often do not allege a specific amount of damages. Instead, the cases simply allege that the damages are in excess of the state circuit court's jurisdictional minimum. Frequently, such pleadings do not clearly indicate whether the amount in controversy meets the federal jurisdictional limit. When a remand is sought in these cases, the burden falls on the party opposed to remand to establish that the amount in controversy exceeds $75,000. That party must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. *Id. See also Bell,* 557 F.3d at 956 (party seeking to remove must establish requisite amount by a preponderance of evidence and, once established by a preponderance, remand is only appropriate if plaintiff can establish to a legal certainty that the claim is for less that the requisite amount).

A case must be removed to federal court within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(a). If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after

receipt by defendant of a paper from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b).

## Discussion

In the present case, the parties do not dispute that they are citizens of different states. The jurisdiction dispute concerns when Defendant should have been put on notice that the amount in controversy exceeded $75,000.

In its brief in opposition to remand Defendant does not contest that it received the demand letter seeking a $200,000 settlement. In opposing remand, Defendant asserts that the demand letter should not be used as a basis to establish the jurisdictional threshold of damages because it did not include supporting documentation and it was ambiguous.

Settlement demands can be used by courts in weighing whether a removing defendant has established by a preponderance whether the amount in controversy has been met.

In the present suit, Defendant was undisputedly aware that a $200,000 demand had been made at the time it was served with process. In addition, Defendant was aware that Plaintiff estimated his lost wages at $50,000, he claimed emotional distress and punitive damages.  Further, Defendant was aware that Plaintiff may have further lost wages if he could not find a job paying as much as Defendant had been paying him.

Defendant attempts to attach a "supporting documentation" requirement to a settlement demand. However, Defendant fails to support this "requirement" with any binding authority, and this Court has discovered no such requirement. *See e.g. Burham v. Summers*, 2009 U.S. Dist. LEXIS 63705 at *7, Case No. 4:09cv768 (E.D. Mo. July 24, 2009)(finding demand letter sufficient to put Defendant on notice of the jurisdictional amount in controversy).

As to Defendant's claim that the demand letter was ambiguous, the Court agrees with Plaintiff.  Defendant argues that the demand letter was ambiguous because the settlement demand was intended to resolve *all* claims that Plaintiff may have against Defendant, but the Petition only alleges one claim for age discrimination in violation of state law. The demand letter identified the damages that Plaintiff suffered as a result of being terminated in violation of the Missouri Human Rights Act. Plaintiff began the letter by notifying Defendant that he intended to file the attached Petition for Damages in the state court which only stated a claim for age discrimination in violation of the Missouri Human Rights Act. It is clear, therefore, that the letter is only referencing damages incurred as a result of that claim and no other possible claims. Plaintiff states that his estimated lost wages to date were $50,000.00 and made clear those lost wages were continuing to accrue because he was making less money in his new employment than he made while working for Defendant. Plaintiff also attached his Petition for

Damages to the demand letter in which he alleges that he has incurred additional damages: lost benefits of employment, emotional distress, mental anguish, and ongoing attorney's fees and costs.

Considering the demand letter and petition that was attached, the Court concludes that Defendant was on notice that the amount in controversy exceeded $75,000 at the time it was served with this lawsuit. The removal of the case to this Court more than 30 days after Defendant was served was untimely. As a result, the motion to remand will be granted.

## Conclusion

Based upon the foregoing analysis, the Court concludes that Defendant was on notice that the amount in controversy herein exceeded $75,000 at the time of service of the state court petition.  As such, the removal of this action beyond the 30-day window for removal was untimely. 28 U.S.C. § 1446(b); *Williams v. Safeco*, 74 F.Supp.2d 925, 928 (W.D. Mo 1999) ("A defendant who fails to remove within the thirty-day period waives the right to remove at a later time, even based on subsequent events."). The Motion to remand is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 9] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Charles, Missouri under 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Opinion, Memorandum, and Order.

Dated this 1st day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE